## HINESLEY v. MAHASKA COUNTY.

Justices of the Peace: COMPENSATION: FEES IN CRIMINAL CASES. Under section 3806 of the Code, providing that "the fees contemplated in the two preceding sections in criminal cases shall be audited and paid out of the county treasury in any case where the prosecution fails, or where such fees cannot be made from the person liable to pay the same; the facts being certified by the justice and verified by affidavit," *held*—

  (1) That no "transcript" of the record, nor of so much of it as shows the costs taxed, is required of the justice in order to recover such fees of the county.

  (2) That, if the justice makes the certificate required by said section at the request of some other person, he is entitled to receive from such person a fee therefor, under Code, section 3837.

  (3) That where a justice files such certificate, though he calls it a "transcript," showing fees due to himself, it will be presumed, in the absence of a showing to the contrary, that he does so for his own benefit, and he cannot compel the county to pay him for authenticating his own claim against it.

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

FILED, OCTOBER 7, 1889.

Hinesley v. Mahaska County.

THE plaintiff seeks to recover two hundred and seventy-six dollars for fees alleged to be due him in criminal cases. The case was referred to a referee, who reported his findings of fact and conclusions of law. Judgment was rendered in accordance with the report of the referee in favor of defendant. The plaintiff appeals.

*W. S. Kenworthy*, for appellant.

*G. C. Morgan*, for appellee.

ROBINSON, J.—The referee found that plaintiff was a justice of the peace in and for a township in Mahaska county, from the first day of January, 1879, to the sixth day of January, 1887. That there were filed with him, as such justice, informations in two hundred and seventy-one criminal cases in which the costs were not paid by defendants. That in all such cases the prosecution failed, or the defendants were insolvent. That in each case the plaintiff made a copy of the entries in his docket, showing who were entitled to fees, and the amount each one was entitled to receive, and that plaintiff called such copies "transcripts." That all the copies so made were filed in the office of the county auditor, and considered and disallowed by the board of supervisors. That to each paper so filed was attached a certificate as follows:

"STATE OF IOWA,      } ss.
"Mahaska County.

"I certify that the foregoing is a true transcript of costs from my docket; that the items charged are legal; and that the costs enumerated have not been paid. Witness my hand this —— day of ——, 18—.
                    "J. W. HINESLEY, J. P."

That the verification required by section 3806 of the Code was not made. The referee found as conclusions of law that the papers filed in the auditor's office were not transcripts within the meaning of section 3804 of the

Code, and that they were not certified and verified as required by law.

I.   Section 3806 of the Code is as follows : "The fees contemplated in the two preceding sections in criminal cases shall be audited and paid out of the county treasury in any case where the prosecution fails, or where such fees cannot be made from the person liable to pay the same ; the facts being certified by the justice, and verified by affidavit." The two preceding sections fix the fees which justices and constables are entitled to charge and receive.    Among the fees to which the justice is entitled are the following : "For each official certificate,    *   *   *   twenty-five cents ; for making and certifying transcript, fifty cents." It is claimed, on behalf of appellant, that a copy of so much of the justice's record of a cause as shows the costs taxed is a transcript within the meaning of the statute, for which the justice is entitled to charge fifty cents.    The findings of the referee do not show by what authority, nor for whose benefit, the papers in question were filed in the auditor's office.    Appellant claims in argument that they were filed by virtue of sections 3806 and 3843 of the Code.    The first of these sections does not in terms nor by necessary implication require a transcript of the record, nor even a transcript of so much of the record as shows the cost taxed.    It refers only to the costs of justices and constables, and is indirectly designed for their benefit.    Section 3843 requires the statement filed with the auditor to contain a particular account of the fees or other compensation demanded.    Neither of these sections makes it a part of the official duty of a justice to file the statement therein referred to, but, if it did, we are of the opinion that such a statement would not be a transcript within the meaning of section 3804.

II.   It is insisted that if plaintiff is not entitled to recover fees for transcripts he is entitled to recover for certificates.    The certificate required by section 3806 should show that the fees claimed were taxed in criminal cases when the prosecution failed, or where the fees cannot be made from the persons liable to pay them.    The

certificates in question fail to comply with those require-
ments, hence are not certificates recognized by that
section of the Code.　But if the certificates had complied
with the provisions of the statute, plaintiff would not be
entitled to recover for them.　He failed to show that
they were furnished at the request of defendant, and
the fair presumption from the record is that they
were prepared and filed for his own benefit, to
enable him to collect fees to which he was
entitled.　If a justice furnishes the certificate provided
for by section 3806, he is entitled to a fee therefor from
the person who requests it (Code, sec. 3837); but he
cannot compel the county to pay him for authenticating
his own claim against it.　We discover no error in the
record.　The judgment of the district court is

AFFIRMED.